PARIENTE, J.,
concurring in result.
I agree with the majority’s decision to disbar the respondent. I disagree, however, with separately chastising Lobasz for not updating his interrogatories in this case. Majority op. at 1171-72. It is incumbent upon the party prejudiced by a discovery violation to object to the testimony or evidence that was not previously disclosed. In this case, the Bar never objected to Lobasz’s testimony regarding his mental health. The majority actually acknowledges the waiver by the Bar. See majority op. at 1170-71. Thus, although discovery in a bar discipline case is governed by the rules of civil procedure, because the Bar did not object to Lobasz’s testimony as to his state of mental health, we do not know if there were other informal methods employed by the parties to exchange information.
Further, although the majority criticizes Lobasz’s failure to update his interrogatories to identify mitigation he planned to introduce at the hearing, Florida Rule of Civil Procedure 1.340 does not contain a provision that automatically mandates supplementation of answers to interrogatories. Rather, Florida Rule of Civil Procedure 1.280(e) states that a party who has properly responded to discovery “is under no duty to supplement the response to include information thereafter acquired.” In this case, there was no determination made as to whether the answer “not yet determined” was inaccurate when the answers were provided on December 4, 2008, and the hearing on sanctions did not take place until April 30, 2009.
More disturbing to me in this case is the fact that the Bar represented to this Court at oral argument, in response to numerous questions, that it had “repeatedly and vociferously” objected to Lobasz’s testimony about mental health issues, despite the fact that the record clearly demonstrates to the contrary — that there was no such objection.[3] After counsel for the Bar explicitly answered questions from Justice Quince and from me by stating that the Bar had repeatedly objected, Chief Justice Canady revisited the issue as follows;
[Chief Justice Canady:] Let me make sure I understand here, you’re saying when Mr. Lobasz testified concerning his mental health issues, the Bar objected?
[Bar response:] Repeatedly.
[Chief Justice Canady:] To his testimony?
[Bar Response:] Yes, Sir.
Shortly after this exchange, the following occurred:
[Chief Justice Canady:] Let me go back to objections on the mental health testimony.
[Bar Response:] Certainly.
[Chief Justice Canady:] Did he give any testimony related to his mental health to which you did not object? Specifically, when he gave testimony concerning his posttraumatic stress disorder, anxiety and depression, were, was — did the Bar make objection to testimony on those subjects from Mr. Lo-basz?
*1175 [Bar Response:] Yes, Justice Canady. The Bar objected repeatedly and vociferously. It was something of a skirmish because there was a point where the referee actually teased out evidence....
After oral argument, the Bar never corrected its repeated misstatements. Bar counsel’s inaccurate representations concerning the record are exceedingly troubling. All sides in bar proceedings must conduct themselves according to the applicable rules, without misleading the opposing party or this Court.
CANADY, C.J., and POLSTON, J., concur.

. During the hearing, the Bar did object to the admissibility of two documents: (1) a list of clients that Lobasz represented at the time of his suspension; and (2) a letter/e-mail from his current mental health provider regarding the history and treatment that Lobasz was receiving for mental health issues. Although Bar counsel objected to the admissibility of these documents, counsel for the Bar never once during the hearing objected to Lobasz's testimony concerning his mental health issues.